The bill was filed in the name of Edward P. Jurney alone, against the defendant as executor and trustee under the will of Lucy Jurney, to recover the annual installments of interest owing to him by a bequest for the benefit of himself and family. The testatrix died in 1846. The defendant qualified as executor and assumed the duties of the office for the benefit of the legatees. Upon demurrer the bill was amended, upon payment of costs, by inserting the names of the other legatees. The claim of complainants arises under the following clauses of the will:
Item. "My will is that my executor sell all my property not hereinafter bequeathed, and the proceeds after paying debts, etc., be divided into six equal shares, one share of which I will to my executor in trust that he shall put the amount of said share at interest on good security at his discretion, and after retaining for his trouble a moderate compensation, pay over a part or all of the interest accruing on said share annually to my son Elisha Jurney for the use of his family, in sickness, in schooling his children, and other necessaries, at the sound discretion of my said executor, and at the death of my said son, the *Page 285 
amount of said share, and any interest that may remain unexpended, (394) as above directed, shall be equally divided among my son Elisha's children share and share alike to be theirs absolutely." Item. This contains a similar bequest, to Edmund P. Jurney, and upon the same trusts. On 20 February, 1849, the defendant held under the will of the testatrix to be paid to plaintiff to the use and benefit of his family and children, the sum of $587.86. This amount was secured by bond and good security until March, 1862. The defendant had paid up the annual interest, and had exceeded it by fifty dollars. In the years 1862-'63-'64, demands were made for the instalment of interest due on the fund, and were refused on the ground that, in the Spring of 1862, the plaintiff Edmund Jurney and defendant had an understanding that the defendant should be discharged of the trust, and some other person substituted as trustee, plaintiff assured defendant that he would procure Mr. Gwyn to act as trustee, and he would receive from him Confederate currency, and advised defendant to collect it in. The defendant consulted with counsel immediately after this understanding, as to the mode of exonerating himself, expressing a wish to do so. By the ensuing August he had collected the full amount of the fund, and had it on hand, and not being able to re-invest at the time, he invested it in Confederate bonds and certificates, by which it was entirely lost. The fund when collected was secured by good and sufficient bond. The defendant had applied to other persons to relieve him of his trust by submitting to become trustee, but neither he nor plaintiff at any time applied to Mr. Gwyn, neither plaintiff nor Gwyn appeared at Court, nor did plaintiff renew the purpose of substituting a trustee.
It is considered by the Court that testatrix, by a bequest of one-sixth of her estate to Edmund Jurney for the use of himself and children, etc., evinced a material concern for their welfare. In the directions as to the collection and payment of the annual interest, she was vigilant and cautious also in requiring security. She was aware that the (395) plaintiff was flimsy in his conduct, indiscreet, and unreliable, and unfitted by capacity to manage even the least part of her estate. The character of plaintiff was as well known to defendant as to the testatrix, that she could not confide in him was a significant intimation to the defendant that he was undeserving of confidence; and if he had enquired his misapprehension would have been corrected. It is adjudged by the Court that the collection of the $587.86, which had been invested on good security for the benefit of Edmund Jurney and family, and investing in Confederate bonds, was a breach of trust, and *Page 286 
judgment is rendered that plaintiff recover of defendant the remainder of interest due, after allowing just credits, etc.
A. MITCHELL, Judge.
From this judgment defendant appealed to the Supreme Court.
Upon the facts found by his Honor, and for the reasons given by him, we are of opinion that the defendant is to be charged with the trust fund, and the payment of the interest arising annually thereon. There is no error, the decretal order is affirmed, with the modification, that it be extended to the other five parts of the estate, which was in his hands to be administered.
By a demurrer in the first instance he forced the plaintiffs to pay cost and amend his bill, and make the persons entitled to the other five parts of the estate plaintiffs in the action, so as to have them bound by the decree. That having been done, we see no reason why there should not also be a decree in their favor respectively, for the amounts to which they are entitled.
The decretal order will be so modified, and the reference for an (396) account will extend to all of the plaintiffs. Costs of the appeal will be paid by the defendant.
PER CURIAM. Judgment accordingly.